# EXHIBIT 2

## ARTIST GUARANTY OF PERFORMANCE

THIS ARTIST GUARANTY OF PERFORMANCE (this "Guaranty") is made as of February 01, 2024, by Rodarius Marcell Green p/k/a Rod Wave, an individual ("Guarantor"), to Grizzly Touring, LLC, as Promoter ("Promoter"), with respect to that certain Amendment to North American Tour Offer, dated as of February 01, 2024, by and between Promoter and Rodarius Marcell Green p/k/a Rod Wave ("Artist"), to be provided by Hit House Entertainment, Inc. ("Company") concerning the 35 show Second Leg of the 2023-2025 North American Tour.

### RECITALS

Promoter is unwilling to issue an advance(s) set forth in the Tour Agreement unless Guarantor executes this Guaranty.

NOW, THEREFORE, in order to induce Promoter to release the advances, Guarantor agrees as follows:

1. **Definitions.** The term **"Tour Agreement"** as used herein means the fully executed North American Tour Offer between Promoter and Company/Artist identified above. The term **"Obligations"** as used herein means all obligations of Company/Artist under the Tour Agreement, including but not limited to Company/Artist's obligation to return any unearned portions of the Advance(s) that becomes due and owing under the Tour Agreement. Each Advance shall be considered earned pro-rata as each show in the tour leg is performed.

2. **Warranties and Representations.** Each Guarantor warrants and represents that the making and performance of this Guaranty by such Guarantor will not result in any breach of any term, condition or provision of, or constitute a default under, any contract, agreement or other instrument to which any Guarantor is a party or by which any Guarantor may be bound.

3. **Guaranty of Payment and Performance.** Guarantor hereby irrevocably and unconditionally guarantees the fulfillment of all of the Obligations (the **"Guaranteed Sums"**).

4. **Guaranty Is Direct.** This Guaranty is direct and immediate and may be enforced without prior resort by Promoter to any right or other remedies it may have under the Tour Agreement or against Company/Artist or any other person or against any security or collateral and without the necessity of any suit or proceedings by Promoter of any nature whatsoever against Company/Artist. Any amounts paid by insurance of any kind to Promoter shall be set off from and reduce the amounts due under this Guaranty by Guarantor.

5. **Payment of Expenses.** All attorneys' fees and expenses of whatsoever nature which Promoter incurs in connection with the enforcement of the performance of any Guarantor's obligations under this Guaranty shall be payable by Guarantor to Promoter and such obligation on the part of Guarantor shall be joint and several.

6. **Limited Waiver of Subrogation.** So long as Promoter is not in breach of the Tour Agreement, Guarantor hereby waives any claim or other rights which Guarantor may now have or hereafter acquire against Promoter, or any other guarantor of the Tour Agreement or of all or any of the Obligations that arise from the existence or performance of Guarantor's obligations under this Guaranty or the Tour Agreement (all such claims and rights are referred to as **"Guarantor's Conditional Rights"**), including, without limitation, any right of subrogation, reimbursement, exoneration, contribution, or indemnification, any right to participate in any claim or remedy of Promoter against Company/Artist or any collateral which Promoter now has or hereafter acquires, whether or not such claim, remedy or right arises in equity or under contract, statute or common law, by any payment made hereunder or otherwise, including, without limitation, the right to take or receive from Company/Artist, directly or indirectly, in cash or other property or by setoff or in any other manner, payment or security on account of such claim or other rights.

7. **Survival of Obligations.** For the purposes of this Guaranty, the Obligations shall survive the termination of the Tour Agreement in accordance with its terms or by reason of a default by Company/Artist, whether or not the Obligations actually survive such termination, and Guarantor shall remain bound to perform its obligations under this Guaranty notwithstanding such termination.

8. **Changes Only in Writing.** This Guaranty cannot be changed or terminated orally and may be changed or terminated only by instrument signed by Promoter and all Guarantors.

9. **Severability.** If any provision of this Guaranty or its application to any person or circumstance is invalid or unenforceable to any extent, the remainder of this Guaranty, or the applicability of such provision to other persons or circumstances, shall not be affected thereby. Each provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law and shall be deemed to be separate from such invalid or unenforceable provisions and shall continue in full force and effect.

10. **No Limitation of Rights.** All of Promoter's rights and remedies under the Tour Agreement or under this Guaranty are distinct, separate, and cumulative, and no such right and remedy therein mentioned is to be in exclusion of or a waiver of any of the others. All of Company/Artist's rights and remedies under the Tour Agreement or under this Guaranty are distinct, separate, and cumulative, and no such right and remedy therein mentioned is to be in exclusion of or waiver of any of the others.

11. **Review of Documents by Guarantor.** Guarantor represents that, with the assistance of independent legal counsel of Guarantor's choice, Guarantor has read and reviewed this Guaranty and Tour Agreement as they or their counsel deem necessary or desirable to read.

12. **Waiver of Jury Trial.** To the extent permitted by applicable laws, Guarantor hereby waives trial by jury in any action or proceeding at law, in equity or otherwise, brought on, under or by virtue of this Guaranty.

13. **Consent to Jurisdiction.** Guarantor hereby consents to the exercise of personal jurisdiction over Guarantor by any federal or local court in the United States District Court for the Middle District of Florida and Guarantor will not be required to appear in any other jurisdiction related to enforcement of this Guaranty.

14. **Headings.** The headings contained in this Guaranty are included for convenience of reference only and are not intended to modify the terms hereof.

15. **Successors and Assigns.** The provisions of this Guaranty shall be binding upon Guarantor and Guarantor's heirs, legal representatives, successors and assigns, and shall inure to the benefit of Promoter and its heirs, legal representatives, agents, successors and assigns.

16. **Guaranty by Corporation, Limited Liability Company, or Partnership.** Each person executing this Guaranty on behalf of a Guarantor which is a corporation or a limited or general partnership or limited liability company, hereby warrants to Promoter that such corporation or limited or general partnership or limited liability company, as the case may be, is duly organized and existing and in good standing under the laws of the State of its incorporation or organization, and if requested by Promoter, evidence that all corporate or other actions or proceedings required to be taken by or on behalf of such Guarantor to enable it to enter into, and to be bound by, and deliver this Guaranty have been duly and properly taken, that such Guarantor has the power to enter into and carry out its obligations under this Guaranty and that this Guaranty is enforceable against such Guarantor in accordance with its terms.

17. **Applicable Law; Attorney's Fees.** This Guaranty shall be governed, and construed in accordance with, the laws of the State of Florida.

18. **Counterparts; Electronic Signatures.** This Guaranty may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute one and the same instrument. This Guaranty may be executed by any Guarantor by delivery of a facsimile signature or in electronic e-mail signature, which signature shall have the same force and effect as an original signature, provided an original counterpart signature to the Guaranty is concurrently mailed to Promoter.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date first above written.

GUARANTOR:

**Rodarius Marcell Green p/k/a Rod Wave**

By: _____
Name: Rodarius Marcell Green

Address:

_____
_____

Phone: _____
Email: _____