UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRIZZLY TOURING, LLC,

    Plaintiff and Counterclaim
    Defendant,

v.                                     Case No. 8:25-CV-02645-SDM-NHA

RODARIUS MARCELL GREEN
(A/K/A ROD WAVE), AND HIT
HOUSE ENTERTAINMENT, INC.,

    Defendants and
    Counterclaim Plaintiffs.

_____

### Joint Case Management Report

Plaintiff Grizzly Touring, LLC ("Plaintiff") and Defendants Rodarius Marcell Green and Hit House Entertainment, Inc. ("Defendants," and together with Plaintiff, the "Parties") submit this Joint Case Management Report pursuant to Local Rule 3.02(a)(2).

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 10/29/2025. Nicole Comparato and Elly Bergen of Weil, Gotshal & Manges LLP attended the conference on behalf of Plaintiff. James Sammataro and Kevin Savarese of Pryor Cashman LLP attended the conference on behalf of Defendants.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 11/25/2025 |

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 12/17/2025 |
| Deadline for substantial completion of document production. | | 3/16/2026 |
| Deadline for completing fact discovery. | | 5/8/2026 |
| Deadline for filing any motions to compel discovery. | | 5/15/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 5/15/2026 |
| | Defendant | 5/15/2026 |
| | Rebuttal | 6/15/2026 |
| Deadline for completing expert discovery. | | 7/9/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 7/15/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties will jointly agree to a mediator by June 1, 2026. | | 7/15/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 10/23/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 10/30/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 11/6/2026 |
| Month and year of the trial term. | | January 2027 |

The trial will last approximately 6 days and be

☒ jury.

☐ non-jury.

10097154 v1
36850.00001

3. **Description of the Action**

   Plaintiff asserts various claims for breach of contract and injunctive relief against Defendants Rodarius Marcell Green (a/k/a Rod Wave) and Hit House Entertainment, Inc. Plaintiff seeks to recover certain advances made to Defendants in connection with Mr. Green's "Last Lap" tour, alleging that Defendants have failed to fulfill their obligations under the parties' agreements, including the obligation to perform a certain number of shows with Plaintiff (the "Shows") and to refrain from performing any other live concerts or announcing or advertising any other performances until the Shows are completed. Plaintiff also seeks recovery of lost profits it would have earned had Defendants performed the Shows as required under the parties' agreements, and other damages related thereto, as well as recovery for losses suffered as a result of Defendants' repudiation of Plaintiff's exclusive rights to promote and market Mr. Green's performances. Plaintiff further seeks to enjoin Defendants from promoting and performing concerts without Plaintiff's consent, alleging such conduct would violate the parties' agreements and Plaintiff's exclusive rights thereunder to promote and market Mr. Green's performances until the Shows are completed.

   Defendants deny the bases for Plaintiff's claims and assert counterclaims for breach of contract and declaratory relief against Plaintiff. Defendants assert that Plaintiff's purported contractual breaches made it "logistically impossible" for Mr. Green to complete his obligations under the parties' agreements. Specifically, Defendants assert that Grizzly failed to obtain the requisite "mutual" agreement while it made improper and last-minute re-scheduling and re-routing decisions. Defendants seek judicial declarations that the exclusivity provisions of the parties' agreement are no longer in effect and that Defendants do not owe Plaintiff any monies under the agreements. Defendants maintain that Plaintiff is not entitled to injunctive relief which, in effect, represents an improper effort to force Mr. Green to specifically perform a personal services contract against his will and amounts to an involuntary servitude. Defendants further seek monetary damages stemming from Plaintiff's alleged violations of the agreements and associated reputational harm suffered by Rod Wave.

4. **Disclosure Statement**

   ☒ Each party has filed/will be filing a disclosure statement using the required form.

5. **Related Action**
   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by

filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

7. **Preliminary Pretrial Conference**

☒  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐  The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: Initial disclosures due 11/25/25.

B. Discovery may be needed on these subjects:
1. The negotiation and execution of the parties' agreements, including (a) the North American Tour Offer by and between Grizzly Touring, LLC and Rodarius Marcell Green, dated February 8, 2023 (the "Original Tour Agreement"); (b) the Amendment to North American Tour Offer by and between Grizzly Touring, LLC and Rodarius Marcell Green, dated February 1, 2024 (the "Amended Tour Agreement"); and (c) the Artist Guaranty of Performance executed by Rodarius Marcell Green dated February 1, 2024 (the "Artist Guaranty").
2. The parties' respective performance under the Original Tour Agreement, including with respect to any outstanding obligations thereunder as of the date of the Amended Tour Agreement.
3. The parties' respective performance under the Amended Tour Agreement, including with respect to any obligations later modified or amended by agreement of the parties, whether formal or informal. This includes Plaintiff's re-scheduling and re-routing efforts for the *Last Lap* tour.
4. The creation and attempted presentation of a "Right of First Refusal" by AG Entertainment Touring and Beau Williams Entertainment, LLC to Mr. Green.
5. The relationship between AG Entertainment Touring, LLC and Mr. Green's agent, Beau Williams.
6. Communications between AG Entertainment Touring and Beau Williams Entertainment.
7. The payments made by AG Entertainment Touring to Beau Williams and/or Beau Williams Entertainment.
8. AG Entertainment Touring's internal communications regarding the rescheduling, re-routing and postponement of Mr. Green's concerts.
9. The relationship, and past dealings, between Defendants, Plaintiff, AG Entertainment Touring, LLC and Mammoth Inc. any of their representatives, on the one hand, with Production Resources Group, L.L.C. or any of its representatives, on the other hand.
10. The negotiation, execution, and performance of the Services Agreement by and between Production Resources Group, L.L.C. and

       Rod Wave Inc., dated August 22, 2024, including any modifications or amendments thereto.

11. The creation of Rod Wave Inc. and the authority of LeShun Williams of 360 Production Group LLC to act on behalf of Rod Wave Inc.
12. The relationship between Defendants, Plaintiff, AG Entertainment Touring, LLC and Mammoth Inc., or any of their representatives, on the one hand, with 360 Production Group LLC or any of its representatives, including, but not limited to, LeShun Williams, on the other hand.
13. Defendants' citizenship, including, but not limited to, Defendants' place of domicile, Defendants' state of residence, and the location of Defendants' assets, including, but not limited to, real property interests, financial accounts, stock holdings, and any other real or personal property held in the United States.
14. The relationship between Plaintiff and any of its representatives, on the one hand, and AG Entertainment Touring, LLC, Mammoth Inc., Sabertooth Touring LLC, Eventim Live USA, Inc. and CTS Eventim, and any of its representatives, on the other hand.
15. The relationship between Defendants and Major Artists Concerts Agency.
16. The formation and operation of Mainstay Touring including, but not limited to, any scheduled or anticipated tours, concerts, or any other performances by Defendants with Mainstay Touring, and any calculations or projections of revenues or profits resulting from Defendants' operation of Mainstay Touring.

C. Discovery should be conducted in phases:

☐ No.
☒ Yes; Fact discovery and expert discovery as described in schedule above.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Pravin R. Patel*
Pravin R. Patel
David L. Yohai
*Counsel for Grizzly Touring, LLC*

11/21/2025

*/s/ James Sammataro*
James Sammataro

*Counsel for Rodarius Marcell Green and Hit House Entertainment, Inc.*

11/21/2025

10097154 v1
36850.00001