UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRIZZLY TOURING, LLC,

    Plaintiff,

v().                                              Case No.: 8:25-cv-2645-SDM-NHA

RODARIUS MARCELL GREEN, et al,

    Defendants.
_____/

## ORDER

For good cause, I grant the parties' Joint Motion for Entry of a Protective Order (Doc. 26).

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). A Court may invoke its broad discretion to protect the disclosure of information, because appropriate protective measures "encourage maximum participation in the discovery process [and] conserve judicial resources." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). For good cause, the Court may, for example, restrict access to sensitive discovery materials. FED. R. CIV. P. 26(c)(1). Good cause exists where there is a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356.

1

Here, the parties anticipate exchanging in discovery confidential business information. Doc. 26. The parties have jointly agreed to a proposed order to comply with their discovery obligations while protecting such confidential information from unnecessary disclosure. Docs. 26 (motion), 26-1 (proposed order).

Additionally, the jointly proposed order establishes a protocol for handling the production of materials containing attorney-client privilege and/or the attorney work product. Doc. 26-1 ¶ 8. Rule 502(d) states:

> A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d).

Federal Rule of Evidence 502(d) makes clear that the Court has discretion over whether to enter an order pursuant to Rule 502(d). However, "[f]ederal courts, including those in Florida[,] routinely enter such orders upon request of the parties." *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases). And, "district courts are entitled to broad discretion in managing pretrial discovery matters" *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

The parties' proposed order would facilitate efficient and collaborative

discovery production and avoid cumbersome litigation of potential waivers of privilege. The parties mutually desire the protocol. The Court therefore finds that good cause exists for the entry of such an order in this case.

Upon agreement of the parties and pursuant to the Court's authority under Fed. R. Civ. P. 26(c), it is hereby ORDERED:

1. The parties' Motion for Entry of Confidentiality Order (Doc. 26) is GRANTED. The parties are reminded that, should the parties seek to file a document under seal, they must move to do so following the procedure outlined in Local Rule 1.11(b)

2. The parties' proposed confidentiality order (Doc. 26-1) is adopted and approved, to the extent that it does not conflict with Local and Federal Rules regarding redaction and disclosure, including Local Rules 1.11 and 3.01(g) and Federal Rule of Civil Procedure 5.2.

ORDERED on January 5, 2026.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge